# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-2089
LT Case No. 2019-CA-041690

_____

DONOVAN G. DAVIS, JR.,

    Appellant,

    v.

CHRISTIAN ROMANDETTI,
BRIDGETTE BROMFIELD, DAMIEN
BROMFIELD, BETH COURTNEY,
BLAYNE S. DAVIS, CARISSA
DOUGLAS, CK, LLC, CAPITAL
BLU MANAGEMENT, LLC, FIRST
CHOICE HEALTHCARE
SOLUTIONS, INC., and THE
CRENSHAW SCHOOL,

    Appellees.

_____

On appeal from the Circuit Court for Brevard County.
Scott A. Blaue, Judge.

Donovan G. Davis, Jr., Coleman, pro se.

No Appearance for Appellees.

June 14, 2024

PER CURIAM.

Donovan G. Davis, Jr., who was the plaintiff in the litigation below, appeals the trial court's final order[1] entered after a case management conference that dismissed the action for lack of prosecution for the sole reason that Davis had "abandoned" his motions. At the time of the case management conference, Davis had two motions pending—to have the case declared "complex" under Florida Rule of Civil Procedure 1.201, and to disqualify counsel of one of the ten defendants that he sued in his operative amended complaint.

A trial court can dismiss an action for lack of prosecution under Florida Rule of Civil Procedure 1.420(e) based on no record activity. This rule, however, provides a specific process that must be undertaken before the court can do so. The trial court did not travel under this rule in dismissing the case. We are unaware of any separate rule, statute, or caselaw that authorizes a trial court to dismiss an action for lack of prosecution simply because a plaintiff may have chosen to abandon the type of motions filed here; nor did the trial court cite to any such authority in its final order. Accordingly, we reverse the order dismissing the case for lack of prosecution and remand for further proceedings.

REVERSED and REMANDED.

WALLIS, LAMBERT, and HARRIS, JJ., concur.

————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

————————————————

---

[1] We note that the order effectively dismisses the case with prejudice as the causes of action asserted by Davis in his operative complaint would now be barred under the applicable statute of limitations if Davis attempted to file a separate action.